ADELBERT W. BOYNTON, APPELLANT, v. JANE LADDY,
AS ADMINISTRATRIX, ETC., OF ALPHEUS WILKINS, DECEASED,
RESPONDENT.

*Will — expenses of administration charged thereby against the estate — attorney's bill
for proving the will.*

A testator by his will made, in express terms, the expense of administration a
charge on his estate,

In an action, brought by an attorney who had rendered services in proceedings for
the probate of the will, to enforce his bill, as a charge against the estate, it was
claimed by the defense that such action was not maintainable, because of the
fact that the plaintiff had already recovered a judgment against the principal
legatee and devisee, by whom he was employed to take proceedings for the pro-
bate of the will, and also for the reason that, under the general rule, contracts
made by an executor should be enforced against him personally, even in a case
in which he may be properly allowed, on his accounting, for the money thus
paid out by him.

*Held,* that, under the circumstances of this case, these expenses having been
expressly charged by the will upon the estate, that the action to enforce such
charge was maintainable.

APPEAL from a judgment entered at a Circuit Court and Special
Term in Essex county June 1, 1888, upon a decision of the court
dismissing the complaint.

*Richard L. Hand,* for the appellant.

*Edgar T. Brackett,* for the respondent.

BY THE COURT:

Wilkins expressly made, by his will, the expenses of administer-
ing a charge on his estate. The plaintiff's bill was one of the
expenses of administering. As it was not paid when presented,
the plaintiff might properly maintain this action to enforce the
charge.

There was no executor named in the will, but Melville Wilkins
was the principal legatee and devisee ; he was, therefore, authorized
to take proceedings for the probate of the will. (Code, § 2614.)
He did so, and in doing this employed the plaintiff's firm. He
would himself have been entitled to letters of administration, with
the will annexed, had he chosen to take them.

The recovery of a judgment by plaintiff against Melville Wilkins does not take away the effect of the will, making these expenses a charge. They are in any case justly to be paid out of the estate, even if first paid by the administratrix, and then allowed to her in her accounting; and, when the will has made them an express charge, that justifies a judgment that they be paid from the estate. It is of little consequence whether an action at law lies against the administratrix, in view of the language of the will.

Without questioning the general rule, that contracts made by an executor are to be enforced against him personally, even when he may be allowed, on his accounting, for money paid thereon, we yet think that for the reasons above given and under the circumstances of this case and the language of the will, the plaintiff was entitled to enforce the charge against the estate.

Judgment reversed; new trial granted; costs to abide the event.

Present — LEARNED, P. J., LANDON and INGALLS, J. J.

Judgment reversed; new trial granted; costs to abide event.